# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 8012 | DATE | February 13, 2004 |
| CASE TITLE | U.S. ex rel. Joseph Arrieta (IDOC #B74625) v. Kenneth R. Briley, Warden | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Finding that the court cannot reinstate petitioner's previous habeas action, this petition is summarily dismissed as untimely, terminating case.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 20 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 9 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| KS | courtroom deputy's initials | '04 FEB 20 AM 8:36 FILED-ED 10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States ex rel. )
)
JOSEPH ARRIETA, )
)
    Petitioner, ) No. 04 C 8012
)
    v. ) Judge Andersen
)
KENNETH R. BRILEY, Warden, )
)
    Respondent. )

DOCKETED

FEB 2 0 2004

## MEMORANDUM OPINION AND ORDER

    Petitioner Joseph Arrieta, a prisoner in the custody of the Illinois Department of Corrections, filed this petition for habeas corpus under 28 U.S.C. § 2254. Because the petition is untimely and petitioner's previous habeas corpus proceeding cannot be reopened, the petition must be dismissed.

    Petitioner challenges his conviction for murder entered January 31, 1996, in the Circuit Court of DuPage County, Illinois, and affirmed by the Illinois Appellate Court on February 28, 1997. After the Illinois Supreme Court denied leave to appeal on June 4, 1997, petitioner filed a post-conviction petition on September 18, 1997. The post-conviction petition was dismissed December 15, 1997, and the Illinois Appellate Court affirmed the dismissal on December 18, 1998. Petitioner did not seek leave to appeal to the Illinois Supreme Court at that time, doubtless in reliance on *Boerckel v. O'Sullivan*, 135 F.3d 1194 (7th Cir. 1998), subsequently reversed by the Supreme Court in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

    On June 23, 1999, petitioner filed a timely habeas corpus petition in this court, *U.S. ex rel. Arrieta v. Page*, No. 99 C 4219. However, before the state's response was received, petitioner moved for a stay of proceedings while he sought leave to file a late petition for leave to appeal to the Illinois Supreme Court to cure the procedural default that *O'Sullivan v. Boerckel* had held would result from his failure to seek review in that court. This court granted the motion.

On November 4, 1999, after the Illinois Supreme Court denied leave to file a late petition for leave to appeal, petitioner moved to reinstate the habeas corpus action. On September 28, 2000, petitioner sought leave to file an amended petition, but before the court had ruled, on October 16, 2000, petitioner moved to dismiss the petition without prejudice, stating that "the instant Motion is filed in good faith, to allow Plaintiff opportunity to present the claims herein to the proper Illinois state Court. To ensure compliance with exhaustion requirements." The court granted the motion and dismissed the petition without prejudice on October 20, 2000, "pursuant to FRCP 41(a)(1)." No separate judgment was entered, but it was clear that no further proceedings were anticipated.

Three years later, on November 10, 2003, petitioner filed the present habeas petition, together with a "Motion to Reinstate Habeas Corpus Petition." However, the petition was not captioned as an amended petition, neither the motion nor the petition bore the case number of the prior habeas action (the case number was left blank), and petitioner paid the $5.00 filing fee for a new petition. In an order dated December 2, 2003, the court denied petitioner's motion to reinstate, and directed petitioner to show cause why the present petition should not be dismissed as untimely.

In response, petitioner stated that he had filed the motion to dismiss the first petition without prejudice because he had been told by jailhouse lawyers that he could not have a federal habeas petition pending while seeking relief in state court. Petitioner states that he filed a motion for relief from judgment in state court on September 18, 2000, but withdrew it and filed a second post-conviction petition on October 31, 2000, based on the U.S. Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Although the Illinois courts denied relief, this second post-conviction proceeding remained pending until the Illinois Supreme Court denied petitioner leave to appeal on October 7, 2003.

The present petition is clearly untimely. The 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") enacted a one-year limitations period for federal habeas corpus applications that normally begins to run when the petitioner can no longer seek direct review of his conviction. 28 U.S.C. § 2244(d)(1)(A). This would have occurred September 2, 1997, 90 days after the Illinois Supreme Court denied petitioner leave to appeal from the Appellate Court's

affirmance of his conviction, when petitioner could no longer seek review by the United States Supreme Court. *Anderson v. Litscher,* 281 F.3d 672, 675 (7th Cir. 2002).

The running of the limitations period is interrupted, however, while a "properly filed application for State post- conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). The limitations clock was stopped after 12 days on September 18, 1997, when petitioner filed his first post-conviction petition, but it resumed running when the Illinois Appellate Court affirmed the dismissal of petitioner's post-conviction petition on December 18, 1998. Because the Illinois Supreme Court denied petitioner's request to file a late petition for leave to appeal, petitioner's first state post-conviction proceeding was never "pending" after that date, see *Fernandez v. Sternes,* 227 F.3d 977, 979 (7th Cir. 2000); *Baines v. Briley,* No. 00 C 7585, 2001 WL 1195826 (N.D.Ill. 2001), and the limitations period expired December 6, 1999.

At the time the limitations period expired, petitioner's first federal habeas petition was on file, and it remained pending more than ten months thereafter. Nevertheless, the prior habeas petition has no effect on the running of the limitations period under § 2244(d)(2), because a federal habeas petition is not an "application for State post-conviction or other collateral review." *Duncan v. Walker,* 533 U.S. 167, 172 (2001). Petitioner's second state-court post-conviction petition also had no effect on the running of the imitations period. Although treated by the Illinois courts as "properly filed," it was filed after the federal habeas limitations period had already expired. A properly-filed post-conviction proceeding stops the limitations clock, but cannot restart it.

When a federal habeas petitioner asserts a constitutional right "newly recognized by the [United States] Supreme Court and made retroactively applicable to cases on collateral review," the limitations period *is* restarted on the date the Supreme Court initially recognizes that right. 28 U.S.C. § 2244(d)(1)(C). Petitioner's second post-conviction proceeding asserted a constitutional right newly recognized by the Supreme Court in *Apprendi v. New Jersey.* However, neither in its opinion in *Apprendi* nor subsequently has the Supreme Court held that the rule of *Apprendi* is retroactively applicable on collateral review. The Court of Appeals for the Seventh Circuit, which this court must follow, has held it is not. *Curtis v. United States,* 294 F.3d 841, 844 (7th Cir. 2002). Petitioner's *Apprendi* claim consequently does not affect the timeliness of this habeas petition, which is untimely by almost four years.

Petitioner's situation was not unique. Where a habeas petitioner has sought to pursue unexhausted claims in state court but it is questionable whether a refiled habeas petition would be timely, district courts have, at the petitioner's request, stayed the habeas action or dismissed it with leave to reinstate following the termination of the state-court proceedings. *See, e.g., Woods v. Gillespie*, 26 F.Supp.2d 1093 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F.Supp. 1247 (N.D. Ill. 1997). Dismissal with leave to reinstate is functionally equivalent to a stay, as it does not act as a final judgment until the time for reinstatement is past. *Baltimore and Ohio Chicago Terminal Railway Co. v. Wisconsin Central Ltd.*, 154 F.3d 404, 407-408 (7th Cir. 1998).

Here, however, when petitioner asked the court to dismiss his prior habeas petition, leave to reinstate it was neither requested nor granted. Petitioner received what he asked for, a dismissal without prejudice. This acted as a final judgment, since this court had clearly finished with the case. *Hill v. Potter*, 352 F.3d 1142, 144 (7th Cir. 2003). Dismissal without prejudice permits refiling -- but only within the original limitations period. For limitations purposes, a suit dismissed without prejudice is treated as if it never had been filed; the limitations period is deemed to have continued running from the time the cause of action originally accrued. *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002). But when petitioner moved for dismissal, the limitations period had already expired. Petitioner had either failed to calculate the limitations period before filing his motion, or mistakenly assumed that new post-conviction proceedings would restart the limitations clock.

The present petition cannot be considered unless the court can vacate the judgment in the prior proceeding, which by its terms did not permit reinstatement, and treat the new petition as an amended one. The Federal Rules of Civil Procedure apply in habeas proceedings to the extent they are not inconsistent with the specialized Rules Governing Section 2254 Cases. *Newell*, 283 F.3d at 835. The specialized rules are silent concerning vacating and reopening judgments, so we turn to Rule 60 of the Federal Rules.

Rule 60(a), permitting relief from clerical errors, is inapplicable because the court's order accurately implemented its intention. *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 984 (7th Cir. 1989). That leaves relief under Rule 60(b), which the court may grant on its own motion. See *Nowicki v. United States*, 536 F.2d 1171 (7th Cir. 1976). Rule 60(b) permits relief

4

from judgment in habeas proceedings unless it would circumvent AEDPA's restrictions on successive collateral challenges to convictions. *Dunlap v. Litscher*, 301 F.3d 873, 875-76 (7th Cir. 2002), *cert. denied sub nom. Dunlap v. Frank*, 123 S.Ct. 2644, 156 L.Ed.2d 662 (June 27, 2003). That is not a concern here, as the court never reached the merits of petitioner's first habeas petition; reopening the first proceeding would not circumvent the restrictions on "second or successive" petitions under 28 U.S.C. § 2244(b). *Altman v. Benik*, 337 F.3d 764, 733 (7th Cir. 2003).

Rule 60(b) enumerates five broad grounds for relief. It also contains a sixth catch-all provision, 60(b)(6), permitting relief for "any other reason justifying relief from the operation of the judgment." The subsection applicable here is 60(b)(1), permitting relief from judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." Petitioner mistakenly asked for dismissal without prejudice, rather than a stay of proceedings or dismissal with leave to reinstate after termination of state-court proceedings. Alternatively, the court erred in not construing petitioner's motion for dismissal without prejudice as a motion for dismissal with leave to reinstate, since it was clear from the original petition that the limitations period had run and that petitioner, an unrepresented prisoner, could not have wanted what he asked for. But a motion under Rule 60(b)(1) must be made within a year after judgment. More than three years have passed since No. 99 C 4219 was dismissed, rendering relief under Rule 60(b)(1) unavailable.

A motion for relief under the catch-all provision, Rule 60(b)(6), is not subject to the one-year limit, although it must be brought "within a reasonable time." However, it cannot be employed if another subsection is applicable, and specifically cannot be used to avoid the one-year limit for seeking relief under 60(b)(1). *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993); *Brandon v. Chicago Board of Education*, 143 F.3d 293, 295 (7th Cir. 1998). Consequently, the court cannot vacate the judgment in No. 99 C 4219, reopen the case, and treat the present petition as an amendment.

The court's conclusion is supported by *Wesco*, which addressed a somewhat similar situation. *Wesco* arose in the context of a bankruptcy proceeding in which a party belatedly sought to change the terms of a judgment to permit reinstatement. The bankruptcy judge had initially dismissed plaintiff's adversary proceeding against the defendant together with the underlying

bankruptcy proceeding, stating that the adversary proceeding was "adjourned sine die" as moot, implying the dismissal was without prejudice. However, this order was not entered on the separate docket of the adversary proceeding, and when neither party appeared at a later status call in the adversary proceeding the court entered a dismissal for want of prosecution, i.e., with prejudice.

The plaintiff successfully convinced the bankruptcy judge's successor that the dismissal with prejudice had been the result of his predecessor's misapprehension, because the prior dismissal had not been docketed. The successor bankruptcy judge vacated the judgment and entered an order of dismissal without prejudice, citing both Rule 60(a) and Rule 60(b)(6). The district court affirmed, although only on the basis of Rule 60(b)(6). *Wesco Products Co. v. Alloy Automotive Co.*, 90 B.R. 331, 334-35 (N.D. Ill. 1988).

The Court of Appeals agreed that Rule 60(a) was inapplicable, because even if the bankruptcy judge had acted under a misapprehension, the order accurately reflected his intent at the time. *Wesco*, 880 F.3d at 984. But the Court of Appeals reversed the district court's application of Rule 60(b)(6), holding that a dismissal entered under a misapprehension could only be corrected pursuant to Rule 60(b)(1). The one-year limit for seeking relief under Rule 60(b)(1) is jurisdictional and may not be extended; because plaintiff's motion had been made more than a year after judgment, relief could not be granted. *Id.* at 985. See also *Brandon*, 143 F.3d at 295-96 (7th Cir. 1998)(Rule 60(b)(1) sole avenue of relief for combined errors of court clerk and counsel). Consequently, whether the mistake of dismissing No. 99 C 4219 rather than staying it be attributed to the petitioner or to the court, it cannot now be reopened.

The court acknowledges that the Seventh Circuit's opinion in *Newell v. Hanks*, 283 F.3d 827 (7th Cir. 2002), decided after petitioner's first habeas petition had been dismissed, contains language apparently conflicting with this analysis. Nevertheless, because the Court of Appeals did not mention Rule 60(b) and the facts of *Newell* are distinguishable, the court will not read *Newell* as inconsistent with the court's decision here.

The petitioner in *Newell* had filed his habeas petition on April 24, 1997, the cutoff date for petitioners whose convictions became final before the effective date of AEDPA. Newell subsequently asked the district court to dismiss his petition without prejudice, because he was seeking leave to file a successive post-conviction petition in Indiana state court. The district court

granted the motion and entered judgment January 5, 1998, dismissing the habeas petition without prejudice.

After the Indiana appeals court denied Newell's motion, Newell returned to federal court on November 20, 1998, and moved to "redocket" his dismissed petition. The district court granted the motion, vacated the judgment, and reopened the case. The district court eventually determined that Newell's initial petition had been untimely, and even if the initial petition had not been untimely, the amended petition was untimely and would not "relate back" to the filing date of the original petition.

The Court of Appeals reversed, finding that the original petition had been timely, and that the second petition should have been treated as an amendment relating back to the date of the original filing. What is relevant here is the Court of Appeals' holding that the district court properly vacated its dismissal of the first habeas petition. In so holding, the Court of Appeals did not mention Rule 60(b). Rather, the court reasoned that following the reasoning of its opinions in *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), and *Tinker v. Hanks*, 172 F.3d 990, 991 (7th Cir. 1999), the initial petition should have been stayed rather than dismissed. Accordingly, "by vacating the dismissal, the district court effectively converted it into a stay; this could not have been an abuse of discretion because we now know that staying the action was the right step to take in the first place." *Newell*, 283 F.3d at 834.

*Newell* could be read as holding that if a district court grants a motion to dismiss without prejudice so that the petitioner may pursue state-court remedies, after the termination of state-court proceedings the district court must vacate the dismissal, effectively converting it into a stay, and permit the petitioner to amend his petition. If *Newell* so held, this court would be required to reinstate petitioner's prior petition.

Nevertheless, *Newell* need not be read so broadly. The district court in *Newell* vacated its judgment within a year, consistent with Rule 60(b)(1). Here, however, although it is clear after *Newell* that the court should have stayed No. 99 C 4219 instead of dismissing it, *Wesco* holds that unless the mistake is brought to the court's attention within a year, the court cannot vacate the judgment to do what should have been done.

7

Because the Seventh Circuit in *Newell* did not discuss Rule 60(b), it is conceivable that in the present case the Seventh Circuit might distinguish *Wesco* and find that relief under Rule 60(b)(6) is available. *Newell* held only that the district court did not abuse its discretion in vacating its dismissal, but the Seventh Circuit might further hold that when an unrepresented petitioner intends to pursue his claims in state court and the timeliness of a refiled petition would be doubtful, a district court is required to stay the habeas action, or at least advise the petitioner of the consequences before granting a motion to dismiss without prejudice. Although pro se habeas petitioners normally bear the consequences of their ignorance of the law, conceivably the court's granting a motion that clearly could not accomplish what the petitioner intended might amount to "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust," permitting relief under Rule 60(b)(6). See *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986).

Because the court finds it cannot reinstate No. 99 C 4219, the present petition is dismissed as untimely. However, petitioner has a non-frivolous argument to the contrary. If the petition were timely, it would be "adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)), in that it is not so frivolous that it would be summarily dismissed without ordering a response. Accordingly, if petitioner appeals this dismissal, the court will grant a certificate of appealability, limited to petitioner's claims presented to the Illinois courts on direct review.

IT IS SO ORDERED.

Wayne R. Andersen, Judge
United States District Court

DATED: February 13, 2004

8